OPINION
Appellant Shari Thomas ("Thomas") appeals from the judgment of the Defiance County Court of Common Pleas, Juvenile Division, terminating her parental rights and granting permanent custody to the Defiance County Department of Human Services ("DCDHS").
On May 28, 1999, Defiance City police officers arrived at Thomas' home in response to an anonymous tip that the children had been left alone. The officers found Shantrel (D.O.B. 12/26/92) and Kayann (D.O.B. 12/6/97) home alone.[1] The officers attempted to locate Thomas, but were unsuccessful. Since they could not locate Thomas, the officers took Shantrel and Kayann into protective custody and left notice for Thomas that an emergency hearing would be held at 11:00 a.m. that morning. Thomas arrived at the police station at 4:00 a.m. and was again advised of the hearing.
On May 28, 1999, the time of the hearing was changed to 10:30 a.m., however no one was able to contact Thomas and the court entered an exparte order granting temporary custody to DCDHS. Thomas was informed of this order when she arrived for the 11:00 a.m. hearing. A new hearing date was set for June 1, 1999. On June 1, 1999, Thomas entered a not guilty plea to the charge of neglect, counsel was appointed for Thomas, and a new hearing date of June 3, 1999, was set. The trial court also removed Donnie from Thomas' care at this time. At the June 3, 1999, hearing, Thomas again entered a plea of not guilty and the trial court ordered the continuation of the foster care for the three children based upon the two older children being left alone, the lack of medical attention to Kayann, and fact that Thomas' residence was roach infested. The matter was continued for further hearing on June 30, 1999.
On June 30, 1999, the trial court held a hearing to determine whether the children were neglected. At that hearing, Thomas withdrew her not guilty plea and admitted the neglect. Temporary custody was given to DCDHS and a plan for reunification was set forth. The trial court set an annual review for May 25, 2000. Thomas failed to appear at this hearing. DCDHS presented testimony that Thomas had failed to consistently visit the children, had not found employment, had lost her residence, had not completed substance abuse treatment or parenting classes, and had failed to pay any child support. Based upon this testimony and the lack of appropriate relative placement options, the trial court ordered that the DCDHS continue to have temporary custody of the children.
On November 29, 2000, a hearing was held on DCDHS' motion for permanent custody of the children.[2] The testimony given was that Thomas had completed one of the two parenting classes she was required to attend by the case plan. Thomas had failed to attend counseling, drug and alcohol treatment, the second parenting class or to obtain employment and keep it for more than a week prior to the six month review. At the review, Thomas admitted to having a continuing drug problem. By the May annual review, Thomas had made no additional efforts to comply with the case plan and had moved to Mississippi to live with her mother.[3] Since her move to Mississippi, Thomas has made no effort to contact the children and has had no visitation with them. Based upon the evidence before it, the trial court granted DCDHS' motion for permanent custody of the children.
Thomas raises the following assignments of error.
 The children of Thomas were removed from her custody without just cause and without due process.
 Thomas was denied effective assistance of counsel when her counsel advised her to admit that the children had been neglected.
 Thomas was denied effective assistance of counsel when her counsel failed to present an essential witness or any evidence.
 A reviewing court may not reverse a custody determination unless the trial court has abused its discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
In the first assignment of error, Thomas claims that the trial court erred by removing the children from her custody without just cause and without due process. The basis for this argument is that the original removal of Shantrel and Kayann was affirmed by an ex parte hearing. Thomas also argues that the trial court removed Donnie for no reason as he was not left alone. However, this argument is also based upon the original removal of the children that occurred in 1999.
 An adjudication by a juvenile court that a child is "neglected" or "dependent," as defined in [R.C. 2151], followed by a disposition awarding temporary custody to a public children services agency, pursuant to [R.C. 2151.353] is a final appealable order. In re Murray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169. Time limits for filing appeals are governed by App.R. 4, which provides that "[a] party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 In re Shaeffer Children (1993), 85 Ohio App.3d 683, 694, 621 N.E.2d 426, 433. Here, the trial court entered judgment awarding temporary custody to DCDHS on July 13, 1999. The appeal, however, of the removal was not filed until January 2, 2001, after the granting of permanent custody to DCDHS. Thus, any issue arising from the proceedings in 1999 have not been timely appealed and the assignment of error must be overruled.
The second assignment of error is that Thomas' counsel at the 1999 hearings was ineffective. As discussed above, the incidents from the original hearings have not been timely filed. Thus, the second assignment of error is overruled.
In the third assignment of error, Thomas claims that her counsel was ineffective by failing to put forth evidence in support of Thomas' claim to custody of her children. Counsel will only be found to be ineffective where appellant demonstrates that the representation failed to meet an objective standard of reasonable representation and resulted in prejudice. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. "To warrant reversal, `[the appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Bradley (1989), 42 Ohio St.3d 136, 152,538 N.E.2d 373, 380.
In support of the argument, Thomas argues that counsel was ineffective because she did not explain her client's absence, presented only one witness at the hearing. However, Thomas does not explain how any changes would have resulted in a different outcome. Thomas' only argument is that if the trial court knew that the events leading to the original removal was all a "misunderstanding", then it might have ruled differently. This argument does not consider that the basis for the grant of permanent custody was not based upon the original charge of neglect, but rather on the subsequent failure of Thomas to comply with any of the requirements of the case plan during the one and one-half years the children were in the temporary custody of DCDHS. The record reveals that the trial court was notified that Thomas' absence was due to illness. The record also reveals that Thomas' counsel cross-examined the witnesses presented by DCDHS and made an argument that Thomas had obtained family support and had a place for the children to reside. Based upon this evidence, and that provided by DCDHS, we cannot find that Thomas made any errors or that absent any alleged errors by Thomas' counsel, the result of the trial would have been different. The third assignment of error is overruled.
The judgments of the Defiance Court of Common Pleas, Juvenile Division, are affirmed.
______________________________________ Bryant, J.
WALTERS, P.J., and HADLEY, J., concur.
[1] Donnie (D.O.B. 2/20/99) had been left with a neighbor.
[2] Thomas again failed to appear for the hearing, but her attorneynotified the court that her absence was due to illness.
[3] Thomas did not notify the agency of her change in residence toMississippi. Testimony was given that the agency only learned of themove when they called Thomas' mother during the summer of 2000.